1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Courtney Motley,

                 Plaintiff,

    v.

Carlos Silva, et al.,

                 Defendants.

Case No. 2:24-cv-00735-APG-DJA

**Order
and
Report and Recommendation**

      Clark County Detention Center inmate, Plaintiff Courtney Motley, submitted initiating documents to the Court which include an application to proceed *in forma pauperis* and a civil rights complaint.  (ECF Nos. 1, 1-1).  Because Plaintiff's application is complete, the Court grants it and screens Plaintiff's complaint.  Because Plaintiff's complaint states certain claims that are not cognizable, but others that are, the Court recommends dismissing some claims with prejudice and allowing others to proceed.

**I.**    ***In forma pauperis* application.**

      Plaintiff filed the forms required to proceed *in forma pauperis* (without paying the filing fee).  (ECF No. 1).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the application to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now screen Plaintiff's complaint.

**II.**    **Legal standard for screening.**

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

1
2
3

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

20
21
22
23
24
25
26
27
28

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

1  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

2  district courts have original jurisdiction over civil actions in diversity cases "where the matter in

3  controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

4  different states."  Generally speaking, diversity jurisdiction exists only where there is "complete

5  diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each

6  of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

7  **III.    Screening Plaintiff's complaint.**

8  Plaintiff sues Las Vegas Metropolitan Police Department ("LVMPD") Officer Carlos

9  Silva, University Medical Center Nurse Jeri Dermanetian, LVMPD Officer J. Manzanedo, and

10  LVMPD Officer Erica Nogle for damages and injunctive relief, alleging seven causes of action.

11  Plaintiff's claims arise out of his arrest on August 18, 2021.  He claims that he was at his

12  girlfriend, Yasmeen Rubin's house and that the two had consensual sex.  Plaintiff claims that he

13  later left the house to use Rubin's neighbor's phone when Officer Silva and Officer Manzanedo

14  arrested him, making up the story that the officers had seen Plaintiff fleeing Rubin's house and

15  jumping over a wall, all while putting his pants on as a reason to arrest him.

16  Plaintiff asserts that Nurse Dermanetian lied during testimony regarding the extent of

17  Rubin's injuries and that Officers Silva, Manzanedo, and Nogle lied on the stand and in police

18  reports about the facts underlying the charges brought against Plaintiff.  Plaintiff asserts, both

19  directly and by attaching a document, that certain charges against him—Lewdness, Home

20  Invasion, Buy/Possess/Receive Stolen Property, Battery by Strangulation, Sexual Assault,

21  Kidnapping, and Burglary while In Possession of Firearm or Deadly Weapon—were dismissed,

22  although Plaintiff does not explain when.

23  Plaintiff brings seven claims.  Claims 1 and 2 are titled "Deceit."  Claims 3 and 4 are titled

24  "Slander/Defamation."  Claim 5 is titled "Libel Defamation."  Claim 6 is titled "Unreasonable

25  Search and Seizure" and Claim 7  is titled "Racial Profiling."  The Court liberally construes

26  Plaintiff's complaint as bringing state law claims for perjury and defamation *per se* and

27  Constitutional claims under 42 U.S.C. § 1983 for unreasonable search and seizure in violation of

28

the Fourth Amendment and racial profiling in violation of the Equal Protection Clause of the Fourteenth Amendment.

### A.   Perjury.

While perjury is a federal and state crime, there is no private right of action under either federal or Nevada law for perjury.  *See Alexander v. Sandoval*, 532 U.S .275, 286-87 (2011) ("private rights of action to enforce federal law must be created by Congress," and without a congressional intent to create a private remedy, "a cause of action does not exist and courts may not create one."); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability"); *see Jordan v. State ex rel. Dep't of Motor Vehicles & Public Safety*, 110 P.3d 30, 47 n.51 (Nev. 2005) *overruled on other grounds*, *Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 672 n.6 (Nev. 2008); *see Kastis v. Alvarado*, No. 1:18-cv-01325-DAD-BAM, 2019 WL 3037912, at *9 (E.D. Cal. July 11, 2019).

Plaintiff alleges that Nurse Dermanetian lied during testimony regarding the injuries Rubin suffered.  Plaintiff alleges that Officer Silva lied during testimony that he saw Plaintiff jumping over a wall and putting on his pants in public.  And Plaintiff alleges that Rubin lied during testimony to the Grand Jury that Plaintiff was holding a boxcutter when really, Plaintiff was holding a knife which did not resemble a boxcutter.  However, Plaintiff's perjury claims against Nurse Dermanetian, Officer Silva, and Rubin (to the extent he brings claims against her; she is not listed as a defendant) fail because perjury is not a civil cause of action.  The Court recommends dismissing Plaintiff's perjury claims with prejudice.

### B.   Defamation per se.

Defamation encompasses both slander (spoken) and libel (written) defamatory statements. *Flowers v. Carville*, 292 F.Supp.2d 1225, 1232 n.1 (D. Nev. 2003).  To state a claim for defamation, Plaintiff must allege "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."  *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel).  Some classes of defamatory statements—known as "defamation *per se*"—are considered so likely to cause serious injury to

1  reputation and pecuniary loss that these statements are actionable without proof of damages.  *K-*

2  *Mart Corp. v. Washington*, 886 P.2d 274, 284 (Nev. 1993) (overruled in part on other grounds).

3  These include the imputation of a crime and imputing serious sexual misconduct.  *Id.*

4       Plaintiff alleges that Officer Nogle made false statements about Plaintiff being lewd in

5  public and possessing a hatchet in the police report that was published to the police database and

6  in court.  Plaintiff alleges that Officers Manzanedo and Silva also contributed false statements to

7  this report.  Plaintiff claims that this caused him to spend time in jail, lose his job, and lose

8  friends.  For the purposes of screening, Plaintiff has alleged a colorable claim for defamation *per*

9  *se* against Officers Nogle, Manzanedo, and Silva.

10       **C.       Unreasonable search and seizure.**

11       The Fourth Amendment protects the "right of the people to be secure in their persons,

12  houses, papers, and effects, against unreasonable searches and seizures," and requires that a

13  warrant sanctioning a search or seizure be supported by probable cause.  *See* U.S. Const. Amend.

14  4.  Plaintiff alleges that "DNA was taken from [him] without permission, officers threatened not

15  to feed me."  He also alleges that Officers Silva and Manzanedo went through his pockets and

16  obtained his knife without a search warrant.  Plaintiff asserts that officers had no probable cause

17  to arrest him—let alone to search him—because they invented the fact that he was being lewd in

18  public when Plaintiff was really at a neighbor's house using the phone.  For the purposes of

19  screening, Plaintiff has alleged a colorable claim of unreasonable search and seizure in violation

20  of the Fourth Amendment against Officers Silva and Manzanedo.

21       **D.       Racial profiling.**

22       "Racial profiling can constitute a deprivation of a citizen's right to equal protection under

23  the law."  *Thomas v. Melendez*, No. 1:16-cv-01759-LJO-JLT, 2016 WL 7116720 at *3 (E.D. Cal.

24  Dec. 7, 2016) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996) and *James v. City of*

25  *Seattle*, No. C10-1612-JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011)).  To state a

26  claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that

27  the defendants acted with an intent or purpose to discriminate against the plaintiff based on

28  membership in a protected class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th

Cir. 2005).  Plaintiff alleges that Officers Silva and Manzanedo made up a reason to stop and arrest him because he is Black.  Plaintiff points to the fact that he was the only Black male outside at the time and that officers had to make up a reason to stop him to support his claim.  For the purposes of screening, Plaintiff has alleged a colorable claim for racial profiling in violation of the Fourteenth Amendment Equal Protection Clause against Officers Silva and Manzanedo.

### **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff will **not** be required to pay an initial installment fee.  Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center will forward payments from the account of **Courtney Motley, Inmate No. 7030758**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Clark County Detention Center** at Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket.

///

///

1        **IT IS FURTHER ORDERED** that the following claims shall proceed.

2   • Defamation against Officer Erica Nogle, Officer Carlos Silva, and Officer J.

3        Manzanedo.

4   • Unreasonable search and seizure in violation of the Fourth Amendment against Officer

5        Carlos Silva and Officer J. Manzanedo.

6   • Racial profiling in violation of the Equal Protection Clause of the Fourteenth

7        Amendment against Officer Carlos Silva and Officer J. Manzanedo.

8        **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue

9   summonses for: (1) Las Vegas Metropolitan Police Department Officer Erica Nogle #9624;

10  (2) Las Vegas Metropolitan Police Officer Carlos Silva #18356; and (3) Las Vegas Metropolitan

11  Police Department Officer J. Manzanedo #17753.

12       **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the

13  three summonses, three copies of the complaint (ECF No. 1-1), and three copies of this order to

14  the United States Marshals Service ("USMS") for service.

15       **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff

16  three blank copies of the Form USM-285.

17       **IT IS FURTHER ORDERED** that Plaintiff must complete one Form USM-285 for each

18  defendant proceeding in this case—Officer Nogle, Officer Silva, and Officer Manzanedo—and

19  will have until **June 18, 2024** to send his completed Forms USM-285 to the USMS for service.

20       **IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the

21  Forms USM-285 back from the USMS showing whether service has been accomplished, Plaintiff

22  must file a notice with the Court identifying whether the defendants were served.  If Plaintiff

23  wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion

24  with the Court identifying the defendant and specifying a more detailed name and/or address for

25  that defendant or whether some other manner of service should be attempted.

26       **IT IS FURTHER ORDERED** that Plaintiff shall have until **August 26, 2024,** to

27  complete service.  Fed. R. Civ. P. 4(m).

28

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's perjury claims against Officers Silva and Manzanedo and Nurse Dermanetian be **dismissed with prejudice.**

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 28, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE